**George APOSTLE and Joan Apostle, Plaintiffs,**

v.

**BOOTH NEWSPAPERS, INC., Defendant.**

**No. G 82–721.**

United States District Court,
W.D. Michigan, S.D.

Jan. 17, 1984.

---

Paul M. Ladas, Muskegon, Mich., John A. Burgess, Berkeley, Cal., for plaintiffs.

William M. Newman, Culver, Lague & McNally, Muskegon, Mich., for defendant.

## OPINION

ENSLEN, District Judge.

This is an action for defamation, republication and intentional infliction of emotional distress, arising out of a Defendant's publication of two newspaper articles. Plaintiffs allege that the articles falsely implied that Plaintiffs and their businesses were connected with prostitution in Muskegon Heights, Michigan. A claim alleging negligent infliction of emotional distress was dismissed in an Opinion and Order issued in January, 1983, while Defendant's Motion for Summary Judgment on Plaintiffs' claim intentional infliction of emotional distress was denied. *Apostle v. Booth Newspapers, Inc.*, 572 F.Supp. 897 (W.D. Mich.1983).

Dismissal of Plaintiffs' negligent infliction claim was expressly made without prejudice. My ruling in this regard stemmed from a concern that the recent Michigan case of *Postill v. Booth Newspapers*, 118 Mich.App. 608, 325 N.W.2d 511 (1982), raised a question about the status of defamation law in Michigan. My specific concern was with the proper standard of fault to be applied in actions such as this one, where the Plaintiffs are private individuals and the newspaper publication is on a matter of public interest. *See*, 572 F.Supp. at 901–906. I urged the parties to submit briefs on this issue, but none were ever filed.

This case is set for Pretrial on January 16, 1984 and is on the Court's trial calendar commencing in February. In light of these approaching events, and a recent Michigan decision, I now resolve the question left open in my earlier Opinion.

In *Gaynes v. Allen*, 128 Mich.App. 42, 339 N.W.2d 678 (1983), the Michigan Court of Appeals addressed the question of the standard of liability to be applied in actions for defamation brought by private persons against the media when the subject matter of the alleged defamatory statement is a matter of legitimate public interest. The Court concluded that plaintiffs in such actions must prove that the defendant published the defamatory statement with knowledge that it was false or with reckless disregard for whether it was false or not. In reaching this conclusion, the Court relied on *Peisner v. Detroit Free Press*, 82 Mich.App. 153, 266 N.W.2d 693 (1978), and in a footnote specifically disapproved dicta in *Postill v. Booth Newspapers* which had recognized the continued viability of common law malice. I am convinced that under Michigan law, this actual malice standard should be applied in the instant case. While not authoritative, I note that the Michigan Supreme Court's Committee on Standard Civil Jury Instructions is in accord with this interpretation of Michigan law. *See*, Michigan SJI 2d 118.07, published in Vol. 62, No. 8 *The Michigan Bar Journal*, at 687 (August 1983).

## JUDGMENT ORDER

In accordance with the Opinion rendered this date;

IT IS HEREBY ORDERED that dismissal of count III of the Complaint for negligent infliction of emotional distress, is now GRANTED with prejudice, and the Opinion dated January 31, 1983 is modified in accordance with this ruling.